MEYERS, J.,
dissenting.
The majority agrees that the enhancement was improper, yet failed to grant Applicant habeas relief based on an illegal-sentence claim. This decision and the subsequent denial of Applicant’s motion for rehearing means that Applicant will continue to serve an illegal sentence based on an improper enhancement and a flawed prior conviction. Failing to correct this mistake when we had the chance is irresponsible, and requiring Applicant to prove harm as a basis for relief has opened the door to analyze other illegality claims in this manner. What is really troubling is that a valid double jeopardy claim resulting from the imposition of multiple sentences for the same conduct, which would normally render a sentence illegal, will now be subject to a harm analysis.[1] Harm is not the correct measure for determining illegality. A harm analysis is used after error has been found. It is entirely inappropriate to use such analysis for jurisdictional issues, illegal-sentence claims or double-jeopardy claims involving multiple sentences for one act. In this case there is no final judgment and Applicant is still serving an illegal sentence.
With these comments, I respectfully dissent.

. I cannot envision a scenario in which we would ever grant relief by applying a harm analysis to a claim of double jeopardy based on an individual being punished twice for the same conduct.